**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

GLEB TSIPURSKY, Ph.D.
450 Wetmore Road
Columbus, Ohio 43214                          :

                                                    :        CASE NO. 2:18-cv-753

      Plaintiff

                                                    :        JUDGE

  v.

                                                    :        MAGISTRATE JUDGE

THE OHIO STATE UNIVERSITY
1590 North High Street, Ste. 500            :
Columbus, Ohio 43210

                                                    :

      Defendant

**COMPLAINT
(with Jury Demand)**

NOW COMES Plaintiff Gleb Tsipursky, Ph.D. hereby proffers this Complaint for damages against Defendant The Ohio State University.

**THE PARTIES**

1. Plaintiff is a natural person residing in Franklin County, Ohio.

2. Defendant The Ohio State University is a state university of the State of Ohio headquartered in Franklin County, Ohio.

**JURISDICTION AND VENUE**

3. Counts I and II are brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant are all located in, and all actions at issue arose in, Franklin and/or Licking County, Ohio.

## FACTUAL BACKGROUND

5. Plaintiff was employed continuously by Defendant, most recently as an Assistant Professor in Defendant's History Department, from September 21, 2011, until May 31, 2018.

6. In 2014, Plaintiff's wife began suffering from severe depression, and Plaintiff took on a caretaker role to help her through these issues.

7. On December 30, 2014, Plaintiff requested Family Medical Leave Act ("FMLA") leave to assist in his wife's care.

8. In August of 2014, Plaintiff found himself having mental issues and was eventually diagnosed with adjustment disorder in December of 2014.

9. On December 30, 2014, Plaintiff also requested FMLA leave for his own mental health issues.

10. In May of 2015, Plaintiff publicly acknowledged his mental health issues to news media causing articles to be written in an effort to assist others to "come out of the closet" and deal with their mental health concerns.  This advocacy continues to this day.

11. On December 15, 2016, Plaintiff took the Pro-Truth Pledge, and began publicly speaking and advocating on behalf of truth and openness in politics and public life.

12. After Plaintiff made his mental illness public and began requesting reasonable accommodations to deal with his condition, his teaching scores plummeted horribly, and the same level of public service he had exhibited previously were then determined to be marginal and/or inadequate.

13. Plaintiff received almost immediate negative comments and actions regarding his advocacy for the Pro-Truth Pledge that started in December of 2016.

14. As a reasonable accommodation of his mental illness, Plaintiff requested to be able to teach online in the Summer of 2015. Defendant denied this request.

15. This harassment and degradation culminated in Plaintiff being not only denied his tenure track in employment, but being given notice on July 24, 2017 that his contract would not be renewed, which made May 31, 2018 Plaintiff's last day of work for Defendant.

16. On May 1, 2014, Plaintiff filed a Charge of Discrimination based on being removed due to disability discrimination with the Ohio Civil Rights Commission ("OCRC") and Equal Employment Opportunity Commission ("EEOC").

17. On or about May 14, 2018, Plaintiff received a right to sue letter from the EEOC.

## COUNT I
## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHT TO FREE SPEECH ON MATTERS OF PUBLIC CONCERN WITHOUT RETALIATION
## 42 U.S.C. § 1983

18. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-17 above as if fully rewritten here.

19. Defendant is a state employer.

20. Defendant retaliated against Plaintiff because Plaintiff spoke publicly about his mental illness and dealing with mental illness in general.

21. How society, employers, and individuals deal with mental illness issues is a matter of public concern entitled to First Amendment protection

22. Defendant retaliated against Plaintiff for taking the Pro-Truth Pledge and advocating that others do the same.

3

23. Societal respect and desire for the truth and telling the truth in public discourse is a matter of public concern entitled to First Amendment protection.

24. Defendant's retaliation set forth in ¶¶ 20 and/or 22 above violated Plaintiff's First Amendment rights, and was a deciding factor in Defendant's decision to discharge Plaintiff.

25. Defendant's violations of Plaintiff's First Amendment rights entitles Plaintiff compensatory damages and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $500,000.00.

## COUNT II
### VIOLATION OF THE REHABILITATION ACT OF 1973
### 29 U.S.C. § 793

26. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-25 above as if fully rewritten here.

27. Through information and belief, Defendant accepts more than $10,000.00 in contract monies from the United States government.

28. Plaintiff was a person with a disability pursuant to the law.

29. Defendant took adverse actions up to and including discharge due to Plaintiff's mental illness and/or its need to reasonably accommodate that illness.

30. Defendant's violation of the Rehabilitation Act of 1973 entitles Plaintiff to monetary damages which include back pay and benefits, compensatory damages, attorney fees and costs in an amount to be determined at trial, but in any event not less than $500,000.00.

## COUNT III
### INTERFERENCE WITH, AND DISCRIMINATION FOR, THE EXERCISE OF FMLA RIGHTS REGARDING CARE FOR PLAINTIFFS WIFE
### 29 U.S.C. § 2601 et seq.

31. Plaintiff realleges all facts contained in ¶¶ 1-30 as if fully rewritten here.

32. Defendant is an "employer" as that is defined by 29 U.S.C. § 2611(4)(A).

33. Plaintiff was an "eligible employee" as that is defined by 29 U.S.C. § 2611(2)(A) at the time of the leave that began after December 30, 2014 taken to care of his wife were due to her "serious health condition" as defined under the FMLA.

34. Defendant violated the FMLA by using Plaintiff's time off work to care for his wife as a negative factor leading at least in part to the decision to downgrade Plaintiff's teaching ratings and eventually not to renew his contract.

35. Defendant's violations of the FMLA regarding Plaintiff caring for his wife were willful and deliberate.

36. Defendant's violation(s) of the FMLA regarding Plaintiff. caring for his wife were not in good faith, nor did Defendant have reasonable grounds to believe it was not violating the FMLA, as set forth in 29 U.S.C. § 2617(a)(1)(A)(iii).

37. Defendant's violation of 29 U.S.C. § 2615(a)(1) and/or (a)(2) regarding leave taken to care for his wife entitles Plaintiff to lost pay and benefits, liquidated damages equal to lost pay and benefits, attorneys' fees and costs, in an amount to be determined at trial, but in any event in excess of $500,000.00, plus the equitable remedy of reinstatement and/or front pay.

### COUNT IV
### INTERFERENCE WITH, AND DISCRIMINATION FOR, THE EXERCISE OF FMLA RIGHTS REGARDING CARE FOR PLAINTIFFS WIFE
### 29 U.S.C. § 2601 et seq.

38. Plaintiff realleges all facts contained in ¶¶ 1-37 as if fully rewritten here.

39. Defendant is an "employer" as that is defined by 29 U.S.C. § 2611(4)(A).

40. Plaintiff was an "eligible employee" as that is defined by 29 U.S.C. § 2611(2)(A) at the time of the leave that began after December 30, 2014 and leave was taken due to his own "serious health condition" as defined under the FMLA.

41. Defendant violated the FMLA by using Plaintiff's time off work due to his own serious health condition as a negative factor leading at least in part to the decision to downgrade Plaintiff's teaching ratings and eventually not to renew his contract.

42. Defendant's violations of the FMLA regarding leave taken due to his own serious health condition were willful and deliberate.

43. Defendant's violation(s) of the FMLA regarding Plaintiff's leave taken due to his own serious health condition were not in good faith, nor did Defendant have reasonable grounds to believe it was not violating the FMLA, as set forth in 29 U.S.C. § 2617(a)(1)(A)(iii).

44. Defendant's violation of 29 U.S.C. § 2615(a)(1) and/or (a)(2) regarding leave taken to for his own serious health condition entitles Plaintiff to the equitable remedy of reinstatement.

## JURY DEMAND

Plaintiff demands that a jury decide all of the above claims.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Law Offices of Gary A. Reeve
244 Southwood Avenue
Columbus, Ohio 43207
(614) 808-1881